IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


MARY H. GUERENA,                                  09-CV-6197-BR

        Plaintiff,                        OPINION AND ORDER

v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

        Defendant.


**MICHAEL A. HALLIDAY**
Mills Jacobson Halliday PC
715 Commercial Street N.E.
Salem, OR 97301
(503) 585-2233

        Attorneys for Plaintiff

**DWIGHT C. HOLTON**
United States Attorney
**ADRIAN L. BROWN**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902
(503) 727-1053

1 - OPINION AND ORDER

**DAVID MORADO**
Regional Chief Counsel
**MICHAEL S. HOWARD**
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900, M/S 901
Seattle, WA  98104
(206) 615-2240

        Attorneys for Defendant

**BROWN, Judge.**

Plaintiff Mary H. Guerena seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  This Court has jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

### ADMINISTRATIVE HISTORY

Plaintiff filed an application for DIB on October 18, 2005, alleging a disability onset date of January 1, 1987. Tr. 12, 70.[1]  The application was denied initially and on reconsideration.  An Administrative Law Judge (ALJ) held a hearing on July 14, 2008.  Tr. 20-37.  At the hearing, Plaintiff

---

[1] Citations to the official transcript of record filed by the Commissioner on November 4, 2009, are referred to as "Tr."

was represented by an attorney.  Plaintiff and a vocational expert (VE) testified.

The ALJ issued a decision on August 28, 2008, in which he found Plaintiff was not disabled during the relevant period and, therefore, is not entitled to benefits.  Tr. 9-19.  Pursuant to 20 C.F.R. § 404.984(d), that decision became the final decision of the Commissioner on May 8, 2009, when the Appeals Council denied Plaintiff's request for review.

## BACKGROUND

Plaintiff was born on September 19, 1943, and was 64 years old at the time of the hearing.  Tr. 27.  Plaintiff completed ninth grade.  Tr. 232.  Plaintiff has past relevant work experience as a certified nursing assistant.  Tr. 17.

Plaintiff alleges disability due to neuropathy and back, neck, hip, and shoulder pain.  Tr. 14, 16-18.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence.  After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence.  *See* Tr. 11-13.

## STANDARDS

The initial burden of proof rests on the claimant to establish disability.  *Ukolov v. Barnhart*, 420 F.3d 1002, 1004

3 - OPINION AND ORDER

(9th Cir. 2005).  To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Commissioner bears the burden of developing the record.  *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001).

    The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  *See also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004).  "Substantial evidence means more than a mere scintilla, but less than a preponderance, i.e., such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)(internal quotations omitted).

    The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities.  *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).  The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision.  *Robbins*, 466 F.3d at 882.  The Commissioner's decision must be upheld even

4 - OPINION AND ORDER

if the evidence is susceptible to more than one rational interpretation. *Webb v. Barnhart*, 433 F.3d 683, 689 (9th Cir. 2005). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

The Commissioner has developed a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Act. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). *See also* 20 C.F.R. § 404.1520. Each step is potentially dispositive.

In Step One, the claimant is not disabled if the Commissioner determines the claimant is engaged in substantial gainful activity. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006). *See also* 20 C.F.R. § 404.1520(a)(4)(I).

In Step Two, the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairment or combination of impairments. *Stout*, 454 F.3d at 1052. *See also* 20 C.F.R. § 404.1520(a)(4)(ii).

In Step Three, the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal

one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iii).  The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's RFC.  The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite his limitations.  20 C.F.R. § 404.1520(e).  *See also* Soc. Sec. Ruling (SSR) 96-8p.  A "'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent schedule."  SSR 96-8p, at *1.  In other words, the Social Security Act does not require complete incapacity to be disabled.  *Smolen v. Chater*, 80 F.3d 1273, 1284 n.7 (9th Cir. 1996).  The assessment of a claimant's RFC is at the heart of Steps Four and Five of the sequential analysis engaged in by the ALJ when determining whether a claimant can still work despite severe medical impairments.  An improper evaluation of the claimant's ability to perform specific work-related functions "could make the difference between a finding of 'disabled' and 'not disabled.'" SSR 96-8p, at *4.

In Step Four, the claimant is not disabled if the

6 - OPINION AND ORDER

Commissioner determines the claimant retains the RFC to perform work she has done in the past.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(iv).

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy.  *Stout*, 454 F.3d at 1052.  *See also* 20 C.F.R. § 404.1520(a)(4)(v).  Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can do.  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2.  If the Commissioner meets this burden, the claimant is not disabled.  20 C.F.R. § 404.1520(g)(1).

## ALJ'S FINDINGS

At Step One, the ALJ found Plaintiff had not engaged in substantial gainful activity from her alleged onset date of January 1, 1987, through her date last insured of March 31, 1989.  Tr. 14.

At Step Two, the ALJ found Plaintiff had the severe impairments of neuropathy and back, neck, and shoulder problems during the relevant period.  Tr. 14.

At Step Three, the ALJ concluded Plaintiff's medically determinable impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1 during the relevant period.  Tr. 13.  The ALJ found Plaintiff had the RFC to perform sedentary work; to stand and/or to walk two hours in an eight-hour work day; to sit six hours in an eight-hour work day; and to crawl, to stoop, to reach above shoulder level, and to climb ramps occasionally during the relevant period.  Tr. 15.  The ALJ also found Plaintiff was unable to climb ropes, ladders, or scaffolds.  Tr. 15.

At Step Four, the ALJ found Plaintiff was not capable of performing her past relevant work during the relevant period.  Tr. 17.

At Step Five, the ALJ found Plaintiff could have performed jobs that exist in significant numbers in the national economy during the relevant period.  Tr. 18.  Accordingly, the ALJ found Plaintiff was not disabled during the relevant period.

## DISCUSSION

Plaintiff contends the ALJ erred when he (1) improperly rejected Plaintiff's testimony and (2) improperly rejected the opinions of Plaintiff's treating and examining physicians.

**I.   The ALJ did not err when he rejected Plaintiff's testimony.**

Plaintiff alleges the ALJ erred when he failed to provide

8 - OPINION AND ORDER

clear and convincing reasons for rejecting Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments during the relevant period.

In *Cotton v. Bowen,* the Ninth Circuit established two requirements for a claimant to present credible symptom testimony:  The claimant must produce objective medical evidence of an impairment or impairments, and she must show the impairment or combination of impairments could reasonably be expected to produce some degree of symptom.  *Cotton*, 799 F.2d 1403, 1407 (9th Cir. 1986).  The claimant, however, need not produce objective medical evidence of the actual symptoms or their severity.  *Smolen*, 80 F.3d at 1284.

If the claimant satisfies the above test and there is not any affirmative evidence of malingering, the ALJ can reject the claimant's pain testimony only if he provides clear and convincing reasons for doing so.  *Parra v. Astrue,* 481 F.3d 742, 750 (9th Cir. 2007)(citing *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)).  General assertions that the claimant's testimony is not credible are insufficient.  *Id*.  The ALJ must identify "what testimony is not credible and what evidence undermines the claimant's complaints."  *Id*. (quoting *Lester*, 81 F.3d at 834).

The ALJ found Plaintiff's medically determinable impairments during the relevant period could reasonably be "expected to produce some of the alleged symptoms; however, [Plaintiff's]

statements concerning the intensity, persistence and limiting effects of these symptoms are not credible."  Tr. 15.

As to Plaintiff's alleged problems with memory, the ALJ noted the record supported those allegations before Plaintiff's date last insured.  Tr. 16.  The ALJ, however, pointed out that Plaintiff's complaints during the relevant period related only to cervical pain and her post-surgical infection and the record did not contain any evidence of a medically determinable mental-health impairment during the period at issue.  Tr. 16.

Although Plaintiff experienced headaches during the relevant period, the ALJ noted Plaintiff required only over-the-counter medication rather than prescription medication to treat those headaches and the treatment for those headaches was conservative.  Finally, the ALJ noted Plaintiff's back and neck pain symptoms stabilized after her surgery and required only conservative treatment during the period at issue.  Tr. 16.

On this record, the Court concludes the ALJ did not err when he rejected Plaintiff's testimony as to the intensity, persistence, and limiting effects of her impairments during the relevant period because the ALJ provided legally sufficient reasons supported by the record for doing so.

**II.  The ALJ did not err when he rejected the opinions of Plaintiff's examining and treating physicians.**

Plaintiff contends the ALJ erred when he failed to give sufficient weight to the opinions of Frederick W. Tiley, M.D.,

10 - OPINION AND ORDER

treating physician, and Leon Malkin, M.D., and Berle Barth, M.D., examining physicians.

An ALJ may reject an examining or treating physician's opinion when it is inconsistent with the opinions of other treating or examining physicians if the ALJ makes "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Thomas*, 278 F.3d at 957 (quoting *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). When the medical opinion of an examining or treating physician is uncontroverted, however, the ALJ must give "clear and convincing reasons" for rejecting it. *Thomas*, 278 F.3d at 957. *See also Lester v. Chater*, 81 F.3d 821, 830-32.

A nonexamining physician is one who neither examines nor treats the claimant. *Lester*, 81 F.3d at 830. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Id.* at 831. When a nonexamining physician's opinion contradicts an examining physician's opinion and the ALJ gives greater weight to the nonexamining physician's opinion, the ALJ must articulate his reasons for doing so. *See, e.g.*, *Morgan v. Comm'r of Soc. Sec. Admin*, 169 F.3d 595, 600-01 (9th Cir. 1999). A nonexamining physician's opinion can constitute substantial evidence if it is supported by other evidence in the record. *Id.* at 600.

11 - OPINION AND ORDER

**A.   Dr. Tiley**

On January 13, 1989, Dr. Tiley, Plaintiff's orthopedic surgeon, found Plaintiff had limited range of motion in her neck including "loss of extension and lateral bending of about 50% of usual," but her "flexion and rotation" were "pretty good" and her upper extremities "demonstrated a full range of motion with no atrophy."  Tr. 16, 218.  Dr. Tiley noted Plaintiff had "reached a stable plateau" and recommended Plaintiff "avoid a lot of lifting from the floor and . . . a lot of repetitive lifting above shoulder height."  Tr. 218.  Aside from these limitations, Dr. Tiley opined Plaintiff was "free to participate in activities she so desires."  Tr. 218.

The ALJ gave some weight to Dr. Tiley's opinion of Plaintiff's limitations.  In his RFC assessment of Plaintiff, the ALJ limited Plaintiff to sedentary work, which requires lifting no more than ten pounds; only occasional reaching above shoulder level, climbing ramps, stooping, and crawling; and never climbing ladders, ropes, or scaffolds.  Tr. 17.  The ALJ also concluded Plaintiff could not perform her past relevant work.

In July 1991 after the relevant period, Dr. Tiley noted Plaintiff's complaints of pain in her lower cervical region and opined these were primarily muscular in origin.  Dr. Tiley recommended an exercise program as well as nonsteroidal anti-inflammatories and low-level analgesics.  Tr. 17, 259.  In

12 - OPINION AND ORDER

addition, in April 1990 after the relevant period, Dr. Tiley noted Plaintiff's neck and lower-back range of motion was "modestly diminished."  Tr. 258.

On this record, the Court finds the ALJ did not reject Dr. Tiley's opinion as to Plaintiff's limitations during the relevant period.

### B.   Drs. Malkin and Barth

On January 17, 1989, Drs. Malkin and Barth examined Plaintiff in connection with her worker's compensation claim. Drs. Malkin and Barth opined Plaintiff suffered a "persistent limitation of movement of the neck, although . . . some of the limitation is functional."  Tr. 224.  The doctors further opined Plaintiff had "thoracic outlet syndrome on the right side as a result of injury and subsequent immobilization voluntarily of her right arm and shoulder," but "there are no obvious neurological defects in either upper or lower extremities."  Tr. 224.  The doctors opined Plaintiff had "signs of low back sprain," but she does not have any "objective neurological impairment of the lumbar spine."  Tr. 224.  Finally, Drs. Malkin and Barth opined Plaintiff was not medically stationary and would benefit from referral to a pain clinic for muscle strengthening and rehabilitation.  Tr. 224.

The ALJ rejected the January 1989 opinion of Drs. Malkin and Barth on the grounds that it was inconsistent

with Dr. Tiley's opinion that Plaintiff was medically stable in March 1989 and inconsistent with the June 1989 of Drs. Malkin and Barth that Plaintiff was medically stationary and her impairment was moderate.  The ALJ also noted Drs. Malkin and Barth in their January 1989 opinion concluded Plaintiff did not have any "obvious neurological defects in either upper or lower extremities" or "objective neurological impairment of the lumbar spine."

On this record, the Court concludes the ALJ did not err when he rejected the January 1989 opinion of Drs. Malkin and Barth because he provided legally sufficient reasons supported by the record for doing so.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 28th day of July, 2010.

/s/
ANNA J. BROWN
United States District Judge

14 - OPINION AND ORDER